UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-60392-Civ-COHN/Seltzer

RONALD SAATHOFF and ANNE SAATHOFF,
individually and as parents and natural guardians
of MATTHEW SAATHOF, a minor,

    Plaintiffs,

v.

DUKE UNIVERSITY, d/b/a Duke University Talent
Identification Program, a North Carolina corporation,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint under Fed. R. Civ. P 4(m) and 12(b)(6)[1] [DE 4]. The Court has carefully considered the Defendant's Motion to Dismiss [DE 4], Plaintiffs' Response to Defendant's Motion to Dismiss [DE 7], Defendant's Reply to Plaintiffs' Response to Defendant's Motion to Dismiss [DE 8], and is otherwise fully advised in the premises.

### I.  BACKGROUND

On June 26, 2005, Plaintiff Matthew Saathoff ("Matthew" or "Plaintiff) was severely injured during a drowning incident while attending a Duke Talent Identification Program ("TIP") beach day event.  On June 25, 2008, the Plaintiffs, Ronald and Anne

---

[1] In filing the motion, the defendant cited Rule 12(b)(6) of the Federal Rules of Civil Procedure.  However, the motion concerns insufficient service of process, which falls under Rule 12(b)(5).

Saathoff ("the Saathoffs"), individually and as parents of Matthew, filed their complaint in the Seventeenth Judicial Circuit Court of Florida against Duke University ("Defendant"), the operator of the TIP program, but did not serve it at that time [DE 4 at 2]. Plaintiffs then requested and were granted three separate extensions by the state court, the most recent expiring on June 20, 2009 [DE 4 at 2].

Plaintiffs claim that on or about June 10, 2009, the parties discussed and agreed to withhold formal service of the complaint while they worked towards resolving the case [DE 7 at 3]. While Defendant disputes that any agreement was reached regarding waiver of service in the June 10 telephone conference, Defendant did send a letter on June 12, 2009 to Plaintiffs' counsel requesting five years of medical records, twelve years of school records, and other documents with regard to the Plaintiffs' claim. Exhibit A to Plaintiffs' Response [DE 7 at 11] (hereinafter "June 12 Letter"). The June 12 Letter also stated that in-house counsel for Duke "look[ed] forward to hearing from you about our offer of a mediated settlement conference to be held in Durham, North Carolina." Id. On June 19, 2009, Plaintiffs' counsel responded by email to Defendant's in-house counsel, stating that he was gathering the requested information. Exhibit A to Defendant's Reply [DE 8-1]. In addition, Plaintiffs' counsel stated that while his clients wanted to participate in mediation, it would need to be held in Fort Lauderdale, Florida. Id. Plaintiffs recommended a specific mediation firm and urged Defendant's counsel to contact him when she returned to the office. Id. In July 2009, Plaintiffs were advised that outside counsel was retained by the Defendant. There was no further contact between counsel until January 14, 2010. Letter of February 4, 2010, Exhibit B to

Defendant's Reply [DE 8-2] (hereinafter, "February 4 Letter").

Upon notification by Defendant in the February 4 Letter that no agreement existed with regard to waiver of formal service of the complaint, Plaintiff executed formal service of process on February 23, 2010 [DE 13]. Defendant timely removed this action on March 16, 2010 and filed its Motion to Dismiss for insufficient service due to delay.

## II.  DISCUSSION

### A.  Legal Standard

Under Fla. R. Civ. P. 1.070(j), which is based on Rule 4(m )of the Fed. R. Civ. P:

> If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading directed to that defendant the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action without prejudice or drop that defendant as a party; provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period.

Under the both the Florida and Federal Rules of Civil Procedure, service of process must occur within 120 days unless the court determines that the delay was a result of "good cause or excusable neglect."[2] The court has discretion to dismiss the case without prejudice or extend the time of service for an appropriate period. *See* Fed. R. Civ. P. 4(m); *see also* Fl. R. Civ Pro. 1.070(j). Good cause would require more than a simple inadvertence or mistake of counsel or ignorance of the rules, and some showing of good faith on the part of the party seeking an enlargement and some

---

[2] Whether state or federal law applies to the service of process issue in this case is inconsequential since the standard is the same for both.

reasonable basis for noncompliance within the time specified. *Carlton v. Wal-mart Stores, Inc.*, 621 So. 2d 451, 454 (Fla. Dist. Ct. App. 1993) .

Similarly, jurisdiction of the court over a party can be acquired either through service of process or their voluntary appearance  *See Herndon v. Ridgway,* 58 U.S. 424, 425 (1854)*.*  If a defendant voluntarily appears, it is considered an admission of service and a waiver of any further inquiry on the matter. *Gracie v. Palmer*, 21 U.S. 699, 700 (1823).  The Supreme Court has held that pleading to the merits or a general appearance without objecting to the service is a waiver. *Munter v. Weil Corset Co.*, 261 U.S. 276, 279 (1923).

A defendant's actions can be considered a voluntary appearance even without intent. *See Wabash Western Ry v. Brow*, 164 U.S. 271, 278 (1896).  Under *McKelvey v. McKelvey*, 323 So.2d (Fla. Dist. Ct. App. 1976), a voluntary appearance is said to generally be effected by making a motion involving the merits of the plaintiff's claim.  In Florida, filing a notice of appearance and requesting the production of documents is not considered a general appearance, without the existence of a request for affirmative relief from the court. *See Mason v. Hunton*, 816 So. 2d 234, 235 (Fla. Dist. Ct. App. 2002); *see also Public Gas Co. V. Weatherhead Co.*, 409 So.2d 1026, 1027 (Fla. 1982).

### B. Service of Process

Florida courts prefer cases be determined on the merits rather than by a technicality. *See Chaffin v. Jacobson*, 793 So.2d 102, 104 (Fla. Dist. Ct. App. 2001) (finding that discretion must be exercised with the understanding that Florida has a

policy of favoring resolution of disputes on the merits and therefore should be in favor of giving the plaintiff an extension of time for service of process in cases where the statute of limitation has expired).  In the case at bar, because the statute of limitations has expired, dismissal due to insufficient service of process would result in a bar of Plaintiffs' claim.  While formal service was delayed, Defendant did have a copy of the complaint and the parties had begun the process of seeking a resolution.  Therefore, if this court were to find "good cause" for the delay or that the defendant had waived service of process through a general appearance, then the case should not be dismissed so that it may proceed to be decided on the merits.

### 1.  Good Cause

Plaintiffs argue that the delay was a result of "good cause or excusable neglect" since the Defendant was made aware of the filing, had been given a copy of the complaint, and was in mutual agreement to withhold service of process until mediation was pursued.  Defendant claims that there was no agreement between the parties with regard to a delay in service of process and the record is clear that six months passed from July of 2009 until January of 2010, with no communication between counsel, leading Defendant to reasonably believe Plaintiffs had abandoned their claims. Plaintiffs argue that it took six months to compile the detailed records requested by Defendant in June of 2009, however, based upon the February 4 Letter, not all requested records were submitted.

The Court need not decide whether the parties had an agreement to delay

formal service of process to conclude that Plaintiffs have shown good cause to excuse the delay in service.  Neither the June 12 Letter nor the email response by Plaintiffs' counsel make any mention of an agreement with regard to delay in service of process [DE 8 at 3; DE 8-1].  If an evidentiary hearing were held, it is likely that counsel for both sides would simply give conflicting accounts of their June 10, 2009 telephone conversation.

However, even without a specific agreement, Plaintiff provided Defendant a copy of the Complaint, the parties attempted to schedule mediation, and Plaintiffs endeavored to comply with Defendant's request for various medical and school records.  Despite the ensuing delay, there is no evidence that Plaintiffs abandoned their claim.  The Court recognizes that the court in *Carlton* determined that the existence of an agreement to withhold service of process along with the efforts toward settlement and the fact that the defendant had been given a copy of the complaint was sufficient proof of good cause to excuse the plaintiffs delay in service of process.  *See* 621 So. 2d at 455.  Even without an agreement, under the undisputed facts of the present case and the Florida law tilt toward resolving cases on the merits, the Court concludes that Plaintiff has shown good cause to excuse the delay in formal service of process.

## 2.  Waiver

Plaintiffs also contend that Defendant had voluntarily waived its right to service of process by filing a notice of appearance, initiating requests of discovery, and engaging in settlement negotiations.  Under *Mason*, filing a notice of appearance and

requesting the production of documents is not considered a general appearance on its own. *See* 816 So. 2d at 235.  While the Defendant had requested information and made efforts towards settlement, the only relief requested from the court has been this motion to dismiss.  If a motion is made with regard to the jurisdiction of the court, its filing cannot be construed as a waiver to that defense. *See Wabash*, 164 U.S. 271 at 278 (finding that filing a Petition for Removal does not waive a party's objection to personal jurisdiction since an acknowledged right cannot be forfeited by pursuit of the means the law affords of asserting that right).  Defendant never filed a waiver of service of process in this case.  Therefore, the Defendant has not waived service of process through its actions in this case.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [DE 4 ] is hereby **DENIED**.  Defendant shall file an Answer to the Complaint by June 17, 2010.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 2nd day of June, 2010.

_____
JAMES I. COHN
United States District Judge

Copies provided to counsel of record on CM/ECF